**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MURILLO, ) | No. CV-04-0901-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| RIDGE ON SEDONA GOLF, et al, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before this Court is Plaintiff's Motion for Leave to file a Delayed Notice of Appeal (Doc. # 36).

**I.     FACTUAL BACKGROUND**

On February 17, 2006, this Court granted summary judgment in favor of Defendant, Ridge on Sedona Golf Resort. The Clerk of the Court entered Judgment on February 21, 2006.  Plaintiff's counsel states they received electronic notice of the Judgment and, on February 24, 2006, a mailed copy of the Judgment.  Plaintiff's counsel further states they mailed a copy of the electronic Judgment to Plaintiff on February 22, 2006, March 7, 2006, and March 17, 2006.  On March 22, 2006, Plaintiff met with his counsel.  At the meeting, Plaintiff claimed he had not received any of the three mailings from his counsel containing copies of the Judgment.  Accordingly, Plaintiff's counsel provided Plaintiff with another copy of the Judgment at the meeting.  It was at this meeting that Plaintiff indicated his desire

to appeal the Judgment. On March 30, 2006, Plaintiff filed a Motion for Leave to File a Delayed Notice of Appeal. Defendant filed a Response to the motion on April 14, 2006.

**II.     LEGAL ANALYSIS AND CONCLUSION**

Rule 4 of the Federal Rules of Appellate Procedure states that, in a civil case, the notice of appeal must be filed within 30 days after the judgment or order is entered. Fed. R. App. P. 4(a)(1)(A). Judgment was entered against Plaintiff on February 21, 2006. The deadline to file a notice of appeal was March 23, 2006. Plaintiff missed this deadline and filed the motion seeking leave to file a delayed notice of appeal on March 30, 2006.

The federal appellate rules identify two situations when a delayed notice of appeal may be filed. First, Rule 4(a)(6) allows the Court to reopen the time to file an appeal if the moving party did not receive notice of the judgment within 21 days of the entry of judgment. Plaintiff's counsel states that they received a copy of the notice of Judgment, both electronically and by mail, within twenty-one days after entry; thus, Rule 4(a)(6) is inapplicable.

Second, a district court may extend a party's time to file a notice of appeal if the party satisfies Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure. Rule 4(a)(5)(A) has two requirements. First, the party must move for an extension of time no later than 30 days after the time prescribed by Rule 4(a) expires. See Fed. R. App. P. 4(a)(5)(A)(i). In other words, the request for an extension must be filed within 60 days of the date judgment is entered. United States v. Robinson, 361 U.S. 220, 224 (1960). Second, Rule 4(a)(5)(A)(ii) requires that the moving party show excusable neglect or good cause. Because Plaintiff moved for an extension within 60 days of the date that Judgment was entered, his motion is not untimely. Therefore, Plaintiff may receive an extension to file his notice of appeal if he demonstrates good cause or excusable neglect.

In the Ninth Circuit, the standard for determining excusable neglect or good cause is "a strict one." See Marx v. Loral Corp, 87 F.3d 1049, 1053 (9th Cir. 1996). Typically, extensions of time are granted only in "extraordinary cases where injustice would otherwise result." Oregon v. Champion Int'l Corp., 680 F.2d 1300, 1301 (9th Cir. 1982). The Supreme

1 Court enumerated four factors to make this determination: "[1] the danger of prejudice to the
2 [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3]
3 the reason for the delay, including whether it was within the reasonable control of the
4 movant, and [4] whether the movant acted in good faith. <u>Pioneer Investment Servs. Co. v.</u>
5 <u>Brunswick Assocs. Ltd. Partnership</u>, 507 U.S. 380, 395 (1993). Because the Plaintiff offered
6 no substantive reason why he should be given leave to file a delayed notice of appeal, the
7 Court will make the determination from the record and Defendant's opposition brief.

### A. PREJUDICE AND LENGTH OF DELAY

9 There is very little evidence that the non-moving party would be prejudiced if the
10 motion was granted. The motion seeking leave was filed only one week after the notice of
11 appeal deadline. The length of the delay is relatively minor; courts have given leave to
12 amend despite longer periods. <u>In re Diet Drugs Products Liability Litigation</u>, 401 F.3d 143,
13 154 (3rd Cir. 2005) (eight days delay was minimal delay that had no potential impact on the
14 proceedings).

### B. REASON FOR THE DELAY

16 The factor that weighs heavily against Plaintiff is the reason for the delay. Plaintiff
17 argues that he was not made aware of the judgment until *after* the date when the notice of
18 appeal should have been filed. However, the record indicates that Plaintiff's counsel had
19 notice that Plaintiff wanted to appeal *before* the deadline. Judgment was entered February
20 21, 2006. The deadline to file the notice of appeal was March 23, 2006. Plaintiff states that
21 he notified his counsel of his desire to appeal on March 22, 2006. No excuse is offered
22 explaining why notice was not thereafter timely filed. Even the argument that counsel
23 miscalculated when the notice of appeal was due would not avail Plaintiff. Attorney error,
24 miscalculation, inadequate research, or other mistakes do not constitute extraordinary
25 circumstances justifying a delayed notice of appeal. <u>See</u> <u>Fahy v. Horn</u>, 240 F.3d 239, 244
26 (3rd Cir. 2001).

**C.    GOOD FAITH**

The final factor to consider is the good faith of the moving party. In Feeder Line Towing Service, Inc. v. Toledo P. & W. R. R. Co., the Seventh Circuit Court of Appeals held that an attorney's good faith, but mistaken, belief that a statute providing a longer period to file notice of appeal was controlling constituted excusable neglect, thus allowing the delayed notice of appeal. 539 F.2d 1107, 1109 (7th Cir. 1976). Here, Plaintiff's counsel does not cite any similar reason for the delay. They were not relying on other authority, such as a statute or the Court's statements, that caused them to delay. Therefore, Plaintiff cannot assert that the delay was in good faith.

**D.    CONCLUSION**

Because Plaintiff can demonstrate no reason excusing him from timely filing his notice of appeal, the Court refuses to grant Plaintiff leave to file a delayed notice of appeal.

Based upon the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Delayed Notice of Appeal (Doc. #36) is denied.

DATED this 27th day of June, 2006.

_____
James A. Teilborg
United States District Judge

- 4 -